IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03177–REB–KMT

STEVE W. BLECK,

    Plaintiff,

v.

CITY OF ALAMOSA, COLORADO,
JOHN JACKSON, individually, and in his official capacity as Chief of Police of the Alamosa Police Department,
JEFF MARTINEZ, individually, and in his official capacity as a Law Enforcement Officer of the Alamosa Police Department,
B. COOPER, individually, and in his official capacity as a Law Enforcement Officer of the Alamosa Police Department,

    Defendants.

# ORDER

This matter is before the court on Defendants' "Motion to Stay Discovery" (Doc. No. 39 [Mot.], filed August 15, 2011). Plaintiff filed his response on September 15, 2011 (Doc. No. 46 [Resp.]), and Defendants filed their reply on September 22, 2011 (Doc. No. 50 [Reply]).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging Inadequate Training on the Use of Force/Failure to Supervise against the City of Alamosa and Defendant Jackson; Excessive Force against Defendant Martinez; Unlawful Arrest & Detention against Defendants Martinez and Cooper; and a Colorado tort claim for Battery against Defendant Martinez. (Doc. No. 23.) Defendants filed a Motion for Judgment on the Pleadings and for Summary Judgment.

(Doc. No. 38) Defendants now move for a stay of all discovery pending resolution of the Motion to Dismiss. (Mot.)

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " (citation omitted)).

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See id.*

In his Complaint, Plaintiff asserts claims against Defendants Jackson and Cooper in their individual and official capacities.  However, in his Response to the Motion for Judgment on the Pleadings and for Summary Judgment, Plaintiff has conceded dismissal, with prejudice, of the individual and official capacity claims against Defendants Jackson and Cooper. (Doc. No. 47 at 10, 15.)  Thus, to the extent the defendant seek a stay based on qualified immunity as to Defendants Jackson and Cooper, the motion is moot.

The only claims remaining are the claim for Inadequate Training on the Use of Force/Failure to Supervise against the City of Alamosa and the claim for Excessive Force against Defendant Martinez in his individual capacity.  In the Motion for Judgment on the Pleadings and for Summary Judgment, Defendant Martinez asserts a defense, among other defenses, of qualified immunity. (Doc. No. 38 at 19.)  Thus, the court grants the Motion to Stay as applied to Plaintiff's claims against Defendant Martinez.

Acknowledging that qualified immunity does not provide a defense as to the City of Alamosa, the Defendants nevertheless argue that discovery should be stayed as to the City as well, to preserve judicial economy.  The court weighs several factors in making a determination regarding the propriety of a stay. *See String Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  The court considers: (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Defendants have failed to address four of the five factors.  With respect to judicial efficiency in this Court, as stated above, it is the policy in this district not to stay discovery pending a ruling

on dispositive motions. *See Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304, at *4–5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management," *see, e.g.*, REB Civ. Practice Standards II. F. & G., and where a trial date has been set.

Therefore, it is

**ORDERED** that Defendants' "Motion to Stay Discovery" (Doc. No. 39 ) is GRANTED in part and DENIED in part. Discovery related to Plaintiff's claims against Defendant Martinez is STAYED pending ruling on the Motion for Judgment on the Pleadings and for Summary Judgment. Full discovery against Defendant City of Alamosa shall proceed. The parties shall file a status report within ten days of ruling on the Motion for Judgment on the Pleadings and for Summary Judgment to advise whether a scheduling conference should be set as to Defendant Martinez.

Dated this 27th day of September, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge