IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03177–REB–KMT

STEVE W. BLECK,

    Plaintiff,

v.

CITY OF ALAMOSA, COLORADO,
JOHN JACKSON, individually, and in his official capacity as Chief of Police of the Alamosa Police Department,
JEFF MARTINEZ, individually, and in his official capacity as a Law Enforcement Officer of the Alamosa Police Department,
B. COOPER, individually, and in his official capacity as a Law Enforcement Officer of the Alamosa Police Department,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Unopposed Motion for Reconsideration of Court's September 28, 2011 Minute Order [Doc. No. 52] ("Mot. for Reconsideration"), and in the Alternative Motion for Extension of Time for Disclosure of Experts, and Request for Status Conference" [Doc. No. 57. filed October 20, 2011] and "Defendants' Unopposed Motion for Extension of Time to File Expert Report" [Doc. No. 56, filed October 20, 2011]. Plaintiff seeks reconsideration of all the court's scheduling orders set forth in its Orders of September 27, 2011 [Doc. No. 51] and September 28, 2011 [Doc. No. 50]. Defendants seek only a one week extension for disclosure of the expert report of Major Ijames.

As an initial matter, in reviewing the materials for preparation of this Order, the court discovered a misstatement in its September 27, 2011 Order. The court stated, after noting certain concessions made in "Plaintiff's Response to August 15, 2011 Defendants' Motion for Judgment on the Pleadings and for Summary Judgment (Doc. No. 38)" [Doc. No. 47] ("Response"), the only claim remaining against Defendant Jeff Martinez was the second claim for excessive force in his individual capacity. Thereafter the court granted a stay of discovery as to "Plaintiff's claims against Defendant Martinez." The observation that there was only one individual capacity claim pending against Defendant Martinez is incorrect. The remaining claims being prosecuted by the Plaintiff, given the concession statements in the Response, appear to include: Claim One (municipal liability) against the City of Alamosa; Claim Two (excessive force) against Jeff Martinez in both his official and individual capacities, and; Claim Four (battery) against Jeff Martinez in his individual capacity.

The distinction is important in analyzing the factors which are to be considered when a party requests a stay of discovery. As noted by the Court in its Order, even though generally the threshold issue of immunity should be resolved before proceeding with discovery, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, *including cases alleging official-capacity claims*, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See id.* Obviously, the qualified immunity defense only applies when a defendant is sued individually. *See Palecek v. Zavaras*, Case No. 09-cv-01351-ZLW-CBS, 2010 WL 3307489, at *8 (D. Colo. 2010).

2

The Supreme Court recognizes that municipalities and other local government units are "persons" to whom § 1983 applies. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978). Obviously, Plaintiff retains a claim against Alamosa based on the activities complained of in Claim Two by Jeff Martinez. A § 1983 claim is properly plead against a municipality "either by naming the municipality itself **or** by naming a municipal official in his or her official capacity." *Stump v. Gates*, 777 F.Supp. 808, 816 n. 3 (D. Colo.1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). "Naming either is sufficient. Naming both is redundant." *Id*. "[O]fficial capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent . . . ." *Monell*, 436 U.S. at 690 n.55. "Where a suit contains both entity and official capacity claims, the only defendant is the entity." *Doe v. Douglas County Sch. Dist.*, 775 F. Supp. at 1416. *See also Davoll v. Webb*, 943 F. Supp. 1289, 1295 (D. Colo. 1996).

At this juncture, however, the Defendants have not moved for dismissal of the official capacity claim against Defendant Martinez in Claim Two on these grounds, nor has the Plaintiff addressed this issue in his Motion for Reconsideration. Instead the motion is founded upon an apparent agreement between counsel for the parties, which was not sanctioned by the court, agreeing to a stay of discovery in the case for a six week period[1] while the contested motion to stay was pending. The court cannot fathom why this agreement was reached since the Rules do not contemplate the *de facto* imposition of a discovery stay simply by virtue of filing a motion.

---

[1] The record reflects that the Motion to Stay was ruled upon by this court five days after the briefing closed with the filing of the Reply on September 22, 2011. [Doc. No. 50.]

Upon reconsideration, the court now finds that the Motion for Stay was improvidently granted in part.  Not only are their official capacity claims surviving against Defendant Jeff Martinez, but the court notes that the same counsel represent both the City of Alamosa, which was not granted a stay of discovery, and Defendant Martinez in both his individual and official capacities.  Pursuant to *String Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), the court has considered (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.*  As noted in the September 27, 2011 Order, the Defendants failed to address four of the five factors.  Given the analysis concerning qualified immunity above, coupled with District Judge Blackburn's instructions that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management," *see*, *e.g.*, REB Civ. Practice Standards II. F. & G., the court finds that a stay of discovery in this matter as to Defendant Jeff Martinez is not appropriate.  Moreover, because the same counsel represent both the City of Alamosa and Defendant Martinez, the prejudice to Plaintiff of granting a stay is far greater than the prejudice to Defendant Martinez in proceeding.

IT IS **ORDERED**

1.      Plaintiff's "Unopposed Motion for Reconsideration of Court's September 28, 2011 Minute Order [Doc. No. 52], and in the Alternative Motion for Extension of Time for Disclosure of Experts, and Request for Status Conference" [Doc. No. 57] is GRANTED IN PART, as follows:

        a.      The stay of discovery as to all claims pending against Defendant Jeff Martinez is LIFTED.

        b.      The following revised scheduling dates are now applicable to the case in its entirety.

| | |
|---|---|
| Affirmative Expert Witness Disclosures | November 15, 2011 |
| Rebuttal Expert Witness Disclosures | December 6, 2011 |
| Discovery Cutoff | January 3, 2012 |
| Dispositive Motions Deadline | January 20, 2012 |

        c.      The Final Pretrial Conference remains scheduled for February 9, 2012, at 9:00 a.m.

    2.    "Defendants' Unopposed Motion for Extension of Time to File Expert Report" [Doc. No. 56] is DENIED AS MOOT.

Dated this 27th day of October, 2011.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge

5