IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–03177–REB–KMT

STEVE W. BLECK,

    Plaintiff,

v.

CITY OF ALAMOSA, COLORADO,
JEFF MARTINEZ, individually, and in his official capacity as a Law Enforcement Officer of the Alamosa Police Department,

    Defendants.

---

**ORDER
and
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the court on "Plaintiff's Motion to Strike Disclosures, Opinions, Testimony and Report dated January 12, 2012 of Defendants' Expert Major Steve Ijames" [Doc. No. 155] ("Ijames Mot.") filed February 16, 2012 and "Plaintiff's Motion to Strike Defendants' Rebuttal Experts Keith Caddy and Rick Dyer" [Doc. No. 166] ("Caddy/Dyer Mot.") filed February 22, 2012.  Defendants filed a response to the Ijames Mot. on February 24, 2012 [Doc. No. 169] and Plaintiff filed a Reply to the same on February 28, 2012 [Doc. No. 181]. Defendants filed a response to the Caddy/Dyer Mot. on February 27, 2012 [Doc. No. 172] and Plaintiff filed a Reply on February 29, 2012 [Doc. No. 183].  The court heard oral argument on both motions on March 1, 2012 and took the matters under advisement.

Plaintiff seeks to suppress rebuttal expert testimony from defense experts Steve Ijames, Keith Caddy and Rick Dyer, and to strike Ijames' Rule 26(a)(2) rebuttal report, on the basis of late disclosure and the withdrawal of Plaintiff's designated affirmative expert Louis A. Mayo, whose expert report occasioned the rebuttal designations and report.

*Procedural History*

This case arises out of an August 6, 2010, incident in Alamosa, Colorado, in which Plaintiff was shot by Defendant Jeff Martinez, a police officer with the Alamosa Police Department ("APD") during a police entry into a hotel room occupied by Plaintiff. Plaintiff filed his Complaint and Jury Demand [Doc. No. 1] on December 31, 2010 and his First Amended Complaint and Jury Demand [Doc. No. 23] on March 11, 2011. The Scheduling Order [Doc. No. 32] was entered on April 21, 2011. This case is set for a ten day trial to jury beginning on April 2, 2012 and a Trial Preparation Conference on March 16, 2012. A Final Pretrial Conference was held on March 1, 2012.

The original scheduling deadlines established in the Scheduling Order were: Discovery Cutoff, November 21, 2011; Dispositive Motion Deadline, December 21, 2011; and, affirmative expert witness disclosure, September 21, 2011, with rebuttal expert disclosure, October 21, 2011. On August 15, 2011, Defendants filed a Motion for Judgment on the Pleadings and for Summary Judgment [Doc. No. 38] and, concomitantly, a Motion to Stay Discovery [Doc. No. 39]. Plaintiff thereafter filed for extension of time for expert disclosures which was granted on October 27, 2011 [Doc. No. 59], extending affirmative expert witness disclosure to November 15, 2011 and

rebuttal expert witness disclosure to December 6, 2011. Additionally, the court extended the Discovery Cutoff to January 3, 2012 and the Dispositive Motion Deadline to January 20, 2012.

The parties disclosed affirmative experts on November 15, 2012, with the exception of one of Plaintiff's experts, Dr. Louis A. Mayo. Plaintiff disclosed, among others, specially retained experts Daniel Montgomery and Paul Paradis. Defendants disclosed, among others, expert Major Steve Ijames. Additionally, Plaintiff filed a motion requesting an extension of time to disclose the expert report of Dr. Louis Mayo due to Dr. Mayo's then recent cancer diagnosis and ongoing chemotherapy treatments. Dr. Mayo apparently had "experienced an adverse reaction to a round of chemotherapy and has been significantly ill" thus affecting his ability to prepare an intelligible report and proceed as an expert in the case. (Plaintiff's Motion for Extension of Time to Serve Expert Report of Dr. Louis A. Mayo [Doc. No. 68] at 2.)

Dr. Mayo was characterized by the plaintiff as

an expert in a variety of police malpractice subjects, including excessive force, false arrest, illegal search, policies, training, supervision, and discipline, and has 50 years experience in policing with the last 35 years working at the national level to improve local policing, including operations, management, research, education, training and consultations. Dr. Mayo has extensive knowledge and experience with national standards and policies regarding police use of force.

(*Id.*) Defendants objected to the extension of the time for affirmative expert disclosure of Dr. Mayo's report, stating among other things, "Dr. Mayo is probably a redundant witness as Plaintiff has already endorsed a police policy and use-of-force expert. (Attached hereto as EXHIBIT A-1 is the report of Dan Montgomery, which was part of Plaintiff's expert disclosures produced on November 15, 2011.)" (Response in Opposition to Plaintiff's Motion for Extension

of Time to File Expert Report [Doc. No. 77] at ¶ 3.) Defendants argued that a thirty day extension of time for disclosure, given the current deadlines in the case, would be prejudicial. *Id.* at ¶4. The court granted Plaintiff's motion on November 21, 2011, allowing Plaintiff until December 15, 2011 to disclose the report of Dr. Mayo. Further, the court allowed the plaintiff until December 8, 2012 to file a motion to substitute a different expert for Dr. Mayo should it be decided Dr. Mayo was unable to serve as an expert in the case. [Doc. No. 85.]

On November 29, 2012, the court granted the defendants' request to take independent medical examinations of the plaintiff and set forth the parameters for those examinations, providing that the parties would share the costs associated with the plaintiff's appearance in Colorado, and extended the discovery cut off date until January 20, 2012. [Doc. No. 95.]

Dr. Mayo's expert report was timely submitted on December 15, 2011, the plaintiff having bypassed the option for expert substitution on December 8, 2011. Defendants did not file rebuttal expert reports as to Plaintiff's experts Montgomery or Paradis on December 6, 2011.

Defendants' expert Maj. Steve Ijames was noticed in late November for a deposition to be conducted on January 3, 2012. (Ijames Mot. at ¶¶ 9-10.) Prior to Majr. Ijames' deposition, the following depositions were taken: Plaintiff Steve Bleck, November 4, 2011; Chief Officer John Jackson, November 28, 2011; Defense Expert Roger Enoka, December 8, 2011; Roberta Tesar, December 12, 2011; Andrew Tesar, December 12, 2011; Officer Jeff Martinez, December 14, 2011; Officer Brian Cooper, December 15, 2011; and, Officer Robert Lockwood, December 15, 2011. At the hearing on March 1, 2012, Plaintiff's counsel represented that by December 21 or 22, 2012, during the heart of the holiday season, he was in possession of draft transcripts of

these deposition transcripts.[1] Defendants' counsel, however, stated that drafts of the deposition transcripts did not arrive in her office until the weekend of December 30, 2011 and she was forced to bring unread draft transcripts with her to Maj. Ijames for his review the night before his deposition held in Missouri. The parties do not dispute that on January 3, 2012, when he appeared for his deposition, Maj. Ijames had done nothing more than briefly review the deposition transcripts.

On January 16, 2012, Defendants served their Third Supplemental Expert Disclosures and Second Rebuttal Expert Disclosures, disclosing Maj. Ijames, Keith Caddy and Rick Dyer as rebuttal experts to Dr. Mayo and supplementing the initial report of Maj. Ijames.

Also on January 16, 2012, the deposition of Dr. Mayo, previously noticed and set, was vacated as a result of his medical issues associated with his cancer diagnosis and treatment and a recent hospitalization. [Doc. No. 154 at ¶ 1.]

The court was notified a month later and almost a month past the discovery cut-off date, on February 15, 2012, that the Plaintiff was withdrawing Dr. Mayo as a witness due to his medical condition. *Id*. at ¶ 4.

*Analysis*

Plaintiff now argues that Maj. Ijames' supplemental and rebuttal report must be stricken and testimony on these topics disallowed and that Mr. Caddy and Mr. Dyer also be precluded

---

[1] The court notes that with the exception of Plaintiff's November 4th deposition, Plaintiff's counsel noticed and took all the depositions and, therefore, was responsible for hiring and paying the appearance fees of the court reporters who ultimately prepared the transcripts of the depositions.

from appearing as expert witnesses because Dr. Mayo, as to whom each of the three had been disclosed pursuant to Fed. R. Civ. P. 26(a)(2), has been withdrawn. Plaintiff argues that in order to rebut the testimony of Plaintiff's now remaining experts, Montgomery and Paradis, these rebuttal witnesses should have had to have been disclosed on or before December 6, 2011. As to Maj. Ijames, Plaintiff further argues he is prejudiced by Mr. Ijames not having read the deposition transcripts prior to his January 3, 2012 deposition and that with only four days left in the discovery period when the rebuttal expert disclosures and the Ijames report were filed, Plaintiff was unable to depose any of the three experts in rebuttal.[2]

### *1. Timeliness of Defendants Rebuttal Expert Disclosures*

First, the court concludes that disclosure was timely made by Defendants as to Maj. Steve Ijames, Keith Caddy and Rick Dyer under the <u>then-existing</u> discovery orders. Each expert was disclosed as a rebuttal to the opinions and proffered expert testimony of Dr. Louis Mayo, who Plaintiff had reaffirmed as an expert in the case. Each of the three disclosures and the Ijames supplemental and rebuttal report [3] specifically dealt with and mentioned aspects of the Mayo affirmative expert report. (Ijames report, Mot. Ijames, Ex. B; "Defendants' Third Supplemental

---

[2] Maj. Ijames' rebuttal report which appears to have been drafted on January 12, 2012, contains numerous citations to the deposition transcripts he had not had an opportunity to read prior to his January 3, 2012 deposition.

[3] The requirement of a written report applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. Neither Caddy nor Dyer fall into this category.

6

Initial Disclosure of Expert Testimony, and Second Disclosure of Rebuttal Expert Testimony, Pursuant to Fed. R. Civ. P. 26(a)(2)," Mot. Caddy/Dyer, Ex. C.)

Fed. R. Civ. P. 26(a)(2)(D)(ii) provides

> D. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: . . .
> (ii)if the evidence is intended solely to contradict or rebut *evidence on the same subject matter* identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

*Id.* (emphasis added). Dr. Mayo's expert report was timely filed – subsequent to the court's granting the request of Plaintiff over the objection of Defendants to delay the due date for the expert disclosure of Dr. Mayo – on December 15, 2011. Thirty days subsequent to December 15, 2011 was January 14, 2012, a Saturday. Monday, January 16, 2012, was a federal holiday; therefore, the rebuttal disclosures as to the evidence presented by affirmative expert Dr. Mayo were due on or before January 17, 2012.

### 2. *Admissibility of the Rebuttal Disclosures*

Rule 26(a)(2) provides that, "[i]n the absence of [a court order], the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony *to be used solely to contradict or rebut the testimony that may be presented by another party's expert*." Fed. R. Civ. P. 26, 1993 Amendments, Advisory Notes (emphasis added).

The italicized portions of the Rule *supra* and the Advisory Note above make clear that a rebuttal expert's testimony must relate to and rebut evidence or testimony on the same <u>*subject matter*</u> identified by another party under Rule 26(a)(2)(B) or (C). Such evidence is not tied to any particular witness; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert. *See e.g. Baumann v. American Family Mut. Inc. Co.*, ___ F.R.D. ___, 2012 WL 27652, *2 (D. Colo. 2012)( finding no prejudice from substituting an expert close to trial who "will be testifying about the same general subject matter" as the previously disclosed expert would have.) *See also Morel v. Daimler-Chrisler Corp.*, 259 F.R.D. 17, 21 (D. Puerto Rico 2009) (no prejudice to plaintiff in substitution of defendant's expert because "they had notice of the possibility of substitution [and] they will not be surprised by new subject matter or a new theory of liability . . . .") Whether the plaintiff's remaining experts, absent Dr. Mayo, present testimony or other evidence at trial which could be legitimately rebutted as noted in the rebuttal expert opinions of Ijames, Caddy and Dyer is a matter which will be considered by the District Court during the trial. It is irrelevant through which expert witness that evidence is elicited; that it actually <u>be elicited</u> in the course of Plaintiff's case-in-chief is the determining factor in the context of the admissibility analysis. Therefore, since the rebuttal experts were timely disclosed, there are no grounds in the motions under consideration by this court to strike Defendants' rebuttal experts simply because Dr. Mayo was withdrawn as one of several experts for the plaintiff. The reports and disclosures were timely at the time they were

made. The argument that they somehow, in retrospect, became untimely when Dr. Mayo was withdrawn as an expert is without merit or logic.

### 3.     *Prejudice to Plaintiff*

As noted by District Judge Christine M. Arguello in *Baumann*, however, the death or disability of one party's expert witness should not be a windfall for the opposing side. *Id*. at *2. As argued by Plaintiff at the March 1, 2012 hearing, the Plaintiff has lost his primary expert witness due to no fault of his own. Further, as a result of the tightened schedule caused by Dr. Mayo's medical inability to render an intelligible expert report on the original due date, the Plaintiff was unable to depose the rebuttal experts Caddy and Dyer and was likewise unable to re-depose Ijames after he had a chance to fully digest the deposition testimony of other witnesses. There is a cure for this prejudice, however – time and the ability to seek and retain a substitute expert for the disabled Dr. Mayo if Plaintiff so chooses.

The basic aim of the Federal Rules of Civil Procedure is "to secure the *just, speedy, and inexpensive* determination of every action" brought before the federal courts. Fed. R. Civ. P. 1. Those important adjectives obviously must be considered together in light of the prejudice which diligence as to one concept may work to the detriment of another. The goal of discovery is to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Allowing Plaintiff to designate a new expert in light of Dr. Mayo's significant health issues furthers the goal of a fair contest for both parties because without the new expert the

plaintiff will be punished for the disability of one of its witnesses; but, given extra time, the defendants will still have the ability to adequately prepare.

Wherefore, it is **RECOMMENDED**

1.    The District Court **VACATE** the trial set in this matter for April 2, 2012 and the Trial Preparation Conference set for March 16, 2012 and **re-set the trial** for a date convenient to the court's calendar, but not earlier than July 16, 2012.

*Any objections to the Recommendation herein shall be filed on or before **March 9, 2012** or deemed waived.*

It is further **ORDERED**

1.    "Plaintiff's Motion to Strike Disclosures, Opinions, Testimony and Report Dated January 12, 2012 of Defendants' Expert Major Steve Ijames [Doc. No. 155]" is **DENIED**.

2.    "Plaintiff's Motion to Strike Defendants' Rebuttal Experts Keith Caddy and Rick Dyer" is **DENIED**.

3.    If the District Court accepts the Recommendation to vacate the current trial date, the following new discovery deadlines are imposed:

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(2) Plaintiff Disclosure of Substitute Expert for Dr. Louis Mayo:[4] | April 20, 2012 |

---

[4] Nothing in the court's previous orders precluding the testimony of an expert for untimely disclosure should be construed to preclude the use of that expert as a substitute for Dr. Mayo if properly disclosed pursuant to this order.

| | |
|---|---|
| Should Plaintiff elect not to retain and disclose a substitute expert witness, all supplemental depositions of previously disclosed rebuttal experts will be completed on or before | May 11, 2012 |
| If substitute expert is disclosed by Plaintiff, Supplemental Rebuttal Expert Disclosure due on or before | May 11, 2012 |
| Discovery Cut-Off as to all Experts | June 01, 2012 |
| Simultaneous filing and exchange of supplements to dispositive motions and supplements to motions pursuant to Fed. R. Civ. P. 702 on | June 15, 2012 |

4. No further discovery not particularly addressed by this Recommendation and Order will be allowed.

Dated this 5th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**ADVISEMENT TO THE PARTIES**

**ON OR BEFORE MARCH 9, 2012, any party may serve and file written objections to the Magistrate Judge's proposed recommendation that the trial in this case be continued with the Clerk of the United States District Court for the District of Colorado**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general

objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).